UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANNE FERRARA-MO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4545** |
| **CENTAURI NATIONAL INSURANCE COMPANY** | **SECTION: "P" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant, Centauri National Insurance Company ("Centauri").[1] Plaintiff did not file a response to Centauri's motion. For the following reasons, the Court grants Centauri's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## BACKGROUND

This action arises out of damage to Plaintiff's personal residence ("the Property") allegedly caused by Hurricane Ida.[2] Plaintiff alleges the Property was insured under a policy issued by Centauri and that the policy provided coverage for all the damages the Property sustained as a result of the hurricane.[3] Plaintiff contends Centauri breached its contractual obligations under the policy by failing to timely provide adequate payment for the damage to the Property.[4] Plaintiff further contends Centauri breached its statutory obligations under Louisiana Revised Statute § 22:1892 and § 22:1973.[5] Plaintiff avers this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[6]

---

[1] R. Doc. 7.
[2] *See* R. Doc. 1.
[3] *Id.* ¶¶ 8–10, 38.
[4] *Id.* ¶ 39.
[5] *Id.* ¶ 40.
[6] *Id.* ¶¶ 3–4.

Centauri seeks the dismissal of this action on the basis that Plaintiff invoked the jurisdiction of this Court based on the diversity of citizenship between the parties but that Plaintiff's Complaint concedes the parties are not diverse.[7] According to the Complaint, Plaintiff is domiciled in Louisiana, and Centauri is incorporated under the laws of Louisiana with its principal place of business in Florida.[8] Additionally, in support of its motion to dismiss, Centauri attached a declaration signed by its general counsel, confirming that Centauri is incorporated under the laws of Louisiana and its principal place of business is in Florida.[9]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. In ruling on a 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[10] The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.[11] A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.[12]

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[13] Under 28 U.S.C. § 1332, district courts have original jurisdiction of

---

[7] R. Doc. 7–1.
[8] R. Doc. 1 ¶¶ 1–2.
[9] R. Doc. 7-2.
[10] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).
[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[12] *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).
[13] *Gunn v. Minton*, 568 U.S. 251, 256 (2013).

civil actions where there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"[14]

For purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile,[15] and a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.[16] Thus, based on the allegations in Plaintiff's Complaint and the undisputed evidence presented by Centauri, Plaintiff is a citizen of Louisiana, and Centauri is a citizen of Louisiana and Florida.[17] Accordingly, the Court finds complete diversity does not exist among the parties because both Plaintiff and Defendant are citizens of Louisiana. The Court, therefore, may not exercise jurisdiction over this matter, and it must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 7) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint.

New Orleans, Louisiana, this 20th day of November 2023.

                                        **DARREL JAMES PAPILLION**
                                        **UNITED STATES DISTRICT JUDGE**

---

[14] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).
[15] *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).
[16] 28 U.S.C. § 1332(c)(1).
[17] *See* R. Doc. 1 ¶¶ 1–2.